{¶ 35} I respectfully but reluctantly concur with the majority's opinion and its conclusion that there is no need to reverse as to the entirety of Count 1 of the 2004 indictment, even though the evidence as to the Christmas 1999 incident was insufficient. The majority's analysis correctly found that there was no showing of force as to that particular incident.
 {¶ 36} Its rationale was that there was sufficient evidence concerning other incidents alleged to have occurred during the time frame contained within Count 1 to sustain the verdict on that count. The conclusion of the majority is supported by Griffin v. United States (1991), 502 U.S. 46,112 S.Ct. 466.
 {¶ 37} The issue in that case focused on a single count of conspiracy per 19 U.S. Code Section 371. As charged, the conspiracy was alleged to have two objects: defrauding the Internal Revenue Service and defrauding the Drug Enforcement Administration. Evidence was presented that only connected one of the two objects of the conspiracy to the defendant. Over objection, the case went to the jury with the instruction that it only had to find that defendant had participated in either of the two objects. The Supreme Court affirmed the jury's conviction.
 {¶ 38} In the instant matter, the incident at issue in essence alleged that multiple incidents of gross sexual imposition occurred in 1999 with force. The indictment provides:
* * * [F]rom on or about January 1, 1999 to December 31, 1999, within the County of Franklin aforesaid, in violation of section 2907.05 of the Ohio Revised Code, did have sexual contact with [M.C.], not his spouse, and/or in violation of section 2907.05 of the Ohio Revised Code, did cause [M.C.], not his spouse, to have sexual contact with the said [Darrel] Frank Riggs, the said [Darrel] Frank Riggs having purposely compelled [M.C.] to submit by force or threat of force.
 {¶ 39} These incidents were not specifically or individually identified. It was not, Incident "A" and Incident "B" and Incident "C." Neither was the charge to the jury any more specific. The jury only had to find one incident valid in order to convict. This presented a different situation from Griffin where two different statutory bases for criminal liability were presented to the jury. Nevertheless, the holding in Griffin was so expansive, that it obliterated any previous distinction between a general verdict resulting from multiple theories of liability contained within one count and a general verdict based on multiple factual incidents strung together within a single count.
 {¶ 40} As a result of Griffin, it would appear that there is no need for the record to contain a way to test the validity of the remaining verdict of a particular count, regardless of whether there is insufficient evidence as to a factual allegation within the count or in this circumstance. Justice Blackmun in his concurrence pointed out that he "would emphasize more strongly than does the Court, however, the danger of jury confusion" and "go further than the Court and commend these techniques" which "charged the two objectives in separate counts, or agreed to petitioner's request for special interrogatories." Griffin
at 383-384. In a similar fashion, I concur with the opinion of the majority.
Christley, J., retired of the Eleventh Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.